# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50797

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2016

Lyle W. Cayce
Clerk

WENDELL DONNELL JONES,

      Plaintiff - Appellant

v.

CITY OF SAN ANTONIO,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-448

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

      Wendell Donnell Jones appeals from an adverse summary judgment on his Title VII race discrimination and retaliation claims against his employer, the City of San Antonio ("the City"). For the following reasons, we affirm.

      Jones, a black man, worked for the City as a part-time security officer. Prior to hiring him, the City conducted a criminal background check ("CBC") as part of the application process. The CBC revealed a July 1992 arrest and a

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

December 1995 arrest. Notwithstanding these arrests, the City hired him. About a year later, Jones applied for a full-time security guard position. He was given a conditional offer, contingent, in part, on a second CBC. The offer letter warned that "any negative results make [the candidate] ineligible for employment." The second CBC similarly reflected his two arrests. But it also revealed that, following his 1992 arrest, his probation was unsatisfactorily terminated and, following his 1995 arrest, he was terminated from deferred adjudication. Because of this new information and the "sensitive" nature of the security work, the City both retracted its full-time employment offer and terminated Jones's part-time security job.

After exhausting his administrative remedies, Jones sued the City. He claimed racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. The district court granted the City's motion for summary judgment, finding that the City had offered a legitimate, nondiscriminatory reason for its employment action and that Jones failed to respond with evidence that the proffered reason was pretextual. Jones appealed, arguing that the district court erred in granting summary judgment.

We review de novo a district court's order granting summary judgment. *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

Here, the district court properly applied the burden-shifting framework *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and assumed, without deciding, that Jones had stated a prima facie case of discrimination. *See Laxton*

No. 15-50797

*v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). The City then presented evidence that it fired Jones because of the information that surfaced in his second CBC and the sensitive nature of his job. In response, Jones failed to point to any facts that cast doubt on this proffered reason. He offered no evidence aside from his conclusory allegations that any of the City's actions derived from discriminatory animus. *See Evans v. City of Houston*, 246 F.3d 344, 350–51 (5th Cir. 2001). With regards to his retaliation claim, Jones did present evidence of a 2009 EEOC charge, which the district court considered protected Title VII activity. But he failed to demonstrate any connection, let alone the requisite but-for causation, between his protected activity in 2009 and his termination. *See Univ. of Tx. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013).

Because Jones has produced no evidence of discrimination or retaliation, we AFFIRM.